**Yu Min CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–2436–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond E. Chang, Carole J. Ryczek, and Christopher K. Veatch, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

Present: Hon. Dennis JACOBS, Hon. Chester J. STRAUB, and Hon. Sonia SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yu Min Chen, through counsel, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming a decision of an Immigration Judge ("IJ") denying Wang his application for asylum,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent.

**144**

withholding of removal under the Immigration and Nationality Act of 1952, 8 U.S.C. § 1231(b)(3), and protection under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Where, as here, the BIA issues a decision substantially affirming the decision of the IJ, the decision of the IJ is a proper subject of review. *See* 8 C.F.R. § 3.1(A)(7)(iii) (2002) (recodified at 8 C.F.R. § 1003.1(a)(7)(iii) (2004)); *see also Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 57 (2d Cir.2004) (upholding the summary affirmance procedure employed by the BIA). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

After reviewing the record, we are persuaded that the inconsistencies in the petitioner's testimony constitute substantial evidence supporting the IJ's adverse credibility finding. *See Zhou Yun Zhang,* 386 F.3d at 77. The petitioners' inconsistent statements related to matters that were central to his claim, and, accordingly, the IJ properly rested her decision on this ground. *Id.* at 74. Because the petitioner identifies no "reliable, specific objective supporting evidence" that he has faced past persecution, or will face persecution upon his return to China, there is no basis for disturbing the IJ's conclusion that the petitioner failed to meet his bur-

den for establishing eligibility for asylum. *Ramsameachire,* 357 F.3d at 178. Chen's claim for withholding of removal—which involves a heavier burden of proof *See Zhou Yun Zhang,* 386 F.3d at 71—must fail for the same reasons. *Id.* Finally, the IJ correctly concluded that the petitioner was ineligible for CAT relief because he offered no evidence that he would more likely than not be tortured if he were to return to China. *See Wang v. Ashcroft,* 320 F.3d 130, 143 (2d Cir.2003) (citing 8 C.F.R. § 208.16). Therefore, we deny petitioner's petition for review.

Having completed our review, the pending motion for a stay of deportation is DENIED as moot.